# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID TODD WRIGHT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:18-cv-01926-ACA-SGC |
| WARDEN CHRISTOPHER GORDY, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner David Todd Wright, a person under a judgment of a court of Alabama, filed a *pro se* amended petition utilizing the court's form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 18).

For the following reasons, the court construes the petition as one filed pursuant to 28 U.S.C. § 2254, and the court **DENIES** the petition as time-barred.

**I. Background**

In December 1992, a Lauderdale County, Alabama jury convicted Mr. Wright of first-degree sexual abuse and first-degree sodomy. (Doc. 24 at 1; Doc. 24-2 at 1). In January 1993, the Lauderdale County Circuit Court sentenced Mr. Wright to a 10-year term of imprisonment on the sexual abuse conviction and a 99-year term of imprisonment on the sodomy conviction. (*Id.*). The Alabama Court of Criminal Appeals issued a memorandum opinion on September 30, 1993, affirming Mr.

Wright's conviction on direct appeal. (Doc. 24-1). Mr. Wright did not file an application for rehearing in the Alabama Court of Criminal Appeals or a petition for a writ of certiorari in the Alabama Supreme Court. (Doc. 24 at 1–2; *see also* Doc. 24-1; Doc. 24-2).

In June 1995, Mr. Wright filed his first petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (*See* Doc. 24-4 at 1). The Lauderdale County Circuit Court denied the Rule 32 petition in December 1995, and the Alabama Court of Criminal Appeals affirmed the denial in April 1996. (Doc. 24-3; Doc. 24-4). Mr. Wright did not file an application for rehearing in the Alabama Court of Criminal Appeals or a petition for a writ of certiorari in the Alabama Supreme Court. (Doc. 24 at 2).

In January 2020, Mr. Wright filed a second Rule 32 petition, *see State of Alabama v. Wright*, Case No. 41-CC-1992-000385.61. He has since continued to seek relief from his judgment of conviction in the Alabama state courts, but his efforts have been unsuccessful. (Doc. 24 at 2-3; Doc. 24-2; Doc. 24-5).

Mr. Wright filed this action on November 11, 2018 (doc. 1), and he filed an amended petition on March 7, 2019 (doc. 18). The Respondents filed an answer to the amended petition (doc. 24), and Mr. Wright filed a reply (doc. 26). Accordingly, the amended petition is ripe for summary adjudication.

**II. Discussion**

## A. Construction of Amended Petition

The operative pleading is the amended petition that Mr. Wright filed utilizing the court's form petition for a writ of habeas corpus pursuant to § 2241. (Doc. 18). The court has previously explained to Mr. Wright that while "[a]ll applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ–to both federal and state prisoners. . . , [m]ost state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254." (Doc. 17 at 3) (quoting *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)). "That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." (Doc. 17 at 3) (quoting *Thomas*, 371 F.3d at 787).

Despite Mr. Wright's insistence to the contrary, the record plainly shows he is in custody pursuant to the judgment of an Alabama court, and his amended petition, at its core, challenges that judgment. Therefore, the court properly construes the petition as one filed pursuant to § 2254. *See Thomas*, 371 F.3d at 787.

## B. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of the following four dates:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Once the statute of limitations is triggered and begins to run, it can be tolled statutorily or equitably. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Section 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for [s]tate post-conviction or other collateral review." § 2244(d)(2); *see also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (noting a Rule 32 petition is a tolling motion under § 2244(d)(2)).

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable

tolling is "an extraordinary remedy which is [ ] applied sparingly" and "is limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).  Moreover, "[t]he petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

In addition, "actual innocence" can overcome the statute of limitations imposed by 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  "'[T]o be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324).

Given the nature or Mr. Wright's claims, § 2244(d)(1)(A) triggered the limitations periods.  That is, the limitations period began to run from the date Mr. Wright's convictions became final by the conclusion of direct review or the expiration of time for seeking that review.  *See* § 2244(d)(1)(A).  Where, as here, a state prisoner appeals his conviction to the Alabama Court of Criminal Appeals but

does not file an application for rehearing in the criminal appellate court or petition for certiorari review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2241(d)(1)(A) upon the expiration of the period in which he could have filed a timely application for rehearing in the criminal appellate court on direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

After the Alabama Court of Criminal Appeals issued a memorandum opinion on September 30, 1993, affirming Mr. Wright's convictions on direct appeal, Mr. Wright had until October 14, 1993, to file an application for rehearing in the criminal appellate court. *See* Ala. R. App. P. 40(c) (application for rehearing must be filed within 14 days after issuance of decision challenged). When he failed to do so, his conviction became final for purposes of § 2241(d)(1)(A).

Because Mr. Wright's conviction became final before the AEDPA's April 24, 1996 effective date, he was afforded one year from that date—until April 23, 1997—to file a federal habeas petition. *See Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (holding federal habeas petition challenging state conviction that became final before AEDPA's effective date, which was filed within one year from AEDPA's effective date, was timely). Mr. Wright had no application for state post-conviction or other collateral review pending between April 24, 1996, and April 23, 1997. Therefore, he is not entitled to statutory tolling. Moreover, Mr. Wright has not alleged any facts that would

6

entitle him to equitable tolling or support a showing of actual innocence. Accordingly, his federal habeas petition, filed on November 11, 2018, more than twenty years after expiration of the applicable limitations period, is time-barred.

## III. Conclusion

The court **DENIES** Mr. Wright's federal habeas petition as time-barred. In addition, the court **DENIES** a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Mr. Wright has failed to make the requisite showing.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 21, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE